**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| JOHN DUPREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:14-cv-0092-JMS-WGH |
| ANDREW RUPSKA, *et al.* ) | |
| Defendants. ) | |

**Entry Discussing Amended Complaint, Dismissing Insufficient Claims,
and Directing Further Proceedings**

**I. Background**

Plaintiff John Dupree ("Mr. Dupree"), an inmate at the United States Penitentiary in Terre Haute, Indiana, alleges that his constitutional rights are being violated because the defendants have refused to properly treat his serious medical needs. He brings his claims under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. §1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Mr. Dupree seeks compensatory and punitive damages and preliminary injunctive relief.

In his amended complaint, Mr. Dupree has named nine defendants: 1) Director Health Services Administrator Andrew Rupska; 2) Nurse Daniels; 3) Dr. Standard; 4) Nurse Dobbins; 5) Paramedic Drummey; 6) Physician's Assistant Cox; 7) Lab Technician Sanduski; 8) X-Ray Technician Abriani; and 9) Physician's Assistant Mata.

The amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

## II. Screening

### A. Dismissed Claims

**Any claim against defendant Physician's Assistant Cox is dismissed** for failure to state a claim upon which relief can be granted because Cox is not mentioned at all in the complaint.

**Any claims against defendants Nurse Dobbins and X-Ray Technician Abriani are dismissed** for failure to state a claim upon which relief can be granted because Mr. Dupree alleges no misconduct or omissions on their part sufficient to support a claim of deliberate indifference to a serious medical need.

No partial final judgment shall issue as to the claims dismissed in this Entry.

### B. Claims That Will Proceed

Mr. Dupree's Eighth Amendment claims of deliberate indifference to a serious medical need shall proceed against six defendants: 1) Director Health Services Administrator Andrew Rupska; 2) Nurse Daniels; 3) Dr. Standard; 4) Paramedic Drummey; 5) Lab Technician Sanduski; and 6) Physician's Assistant Mata. The **clerk** shall **update the docket accordingly.**

## III. Service of Process

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to the six defendants: 1) Director Health Services Administrator Andrew Rupska; 2) Nurse Daniels; 3) Dr. Standard; 4) Paramedic Drummey; 5) Lab Technician Sanduski; and 6) Physician's Assistant

Mata. Process shall consist of a summons. Because the plaintiff is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the amended complaint, filed on April 24, 2014 (docket 6), and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P*. 4(i)(2), at the expense of the United States.

### IV.

Mr. Dupree seeks a preliminary injunction in the form of being quickly transported to a hospital because his medical conditions are endangering his life.

The defendants shall have **twenty-one (21) days** from the date they appear in the action in which to file a single response to Mr. Dupree's request for preliminary injunctive relief. No extensions should be anticipated.

**IT IS SO ORDERED.**

Date: 05/07/2014

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

John Dupree
28615-004
Terre Haute USP
Inmate Mail/Parcels
P. O. Box 33
Terre Haute, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

Director Health Services Administrator Andrew Rupska
Nurse Daniels
Dr. Standard
Paramedic Drummey
Lab Technician Sanduski
Physician's Assistant Mata                     all at:

                                              Terre Haute USP
                                              4700 Bureau Road South
                                              Terre Haute, IN 47802