**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JOHN DUPREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:14-cv-0092-JMS-WGH |
| ANDREW RUPSKA, *et al.* | ) | |
| Defendants. | ) | |

**Entry Granting Remaining Defendants' Unopposed Motion for Summary Judgment**
**and Directing Entry of Final Judgment**

**I.      Background**

Plaintiff John Dupree ("Mr. Dupree"), a federal inmate formerly confined at the United States Penitentiary in Terre Haute, Indiana, alleges that his constitutional rights were violated when the defendants refused to properly treat his serious medical needs. He brings his claims under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. §1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005).

The five remaining defendants, Andrew Rupska, Heather Mata, Tammy McDaniel, Ryan Drummy, and Audrea Sandusky, filed a motion for summary judgment arguing that Mr. Dupree's claims are barred because he failed to exhaust his available administrative remedies. Mr. Dupree has not opposed the motion for summary judgment.

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. 30] is **granted.**

## II. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(a)*. A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

### III. Discussion

Because exhaustion of administrative remedies is an affirmative defense, "the burden of proof is on the prison officials," *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), to demonstrate that Mr. Dupree failed to exhaust all available administrative remedies before he filed this suit. The defendants' motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Dupree on October 15, 2014. *See* dkt nos. 30-22. As noted, no response has been filed, and the deadline for doing so has passed. The consequence of Mr. Dupree's failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

Applying the standards set forth above, the defendants have shown the following:

This action was filed on March 28, 2014, and Mr. Dupree filed an amended complaint on April 24, 2014.

The Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified in 28 C.F.R. § 542.10, *et seq.*, and BOP Program Statement ("PS") 1330.18, Administrative Remedy Procedures for Inmates. The administrative remedy process is a method

by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. *See* 28 C.F.R § 542.10.

To properly exhaust his remedies, an inmate must first file an informal remedy request through appropriate institution staff members (BP-8). If the inmate is not satisfied with the informal remedy response, he is first required to address his complaint within twenty (20) calendar days to the Warden (BP-9). 28 C.F.R. § 542.14. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director (BP-10) within twenty calendar days of the date of the Warden's response. 28 C.F.R. § 542.15. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel within twenty (20) calendar days of the Regional Director's response. 28 C.F.R. § 542.15. Once an inmate receives a response to his appeal from the General Counsel (BP-11), after filing administrative remedies at all three required levels, his administrative remedies are exhausted as to the specific issue(s) raised.[1]

All codified BOP Program Statements are available for inmate access in the institution law library, including BOP Program Statement 1330.18. Additionally, administrative remedy filing procedures are outlined in the inmate Information Handbook provided to all inmates upon initial intake at the prison. All administrative requests filed by inmates are logged and tracked in the SENTRY computer program, which is an electronic record keeping system utilized by the BOP.

Mr. Dupree did fully exhaust two administrative remedies, but not until after this action was filed. Mr. Dupree filed Remedy 771704-F1 on March 18, 2014, alleging problems with his

---

[1] An administrative remedy request filed at the institution level is referred to as a BP-9 and is identified in the SENTRY database by the notation F1 following the remedy identification number. A Regional Office filing is referred to as a BP-10 and is identified by the notation R1 following the remedy identification number. A Central Office filing is referred to as a BP-11and is identified by the notation A1 following the remedy identification number. If amended or successive remedy requests are filed at the same level, the numeral following the alphabetical letter will change accordingly in SENTRY, i.e., F2, R2 or A2, following the remedy identification number.

prostate. When that remedy was denied, Mr. Dupree appealed to the Regional Director on April 21, 2014, and resubmitted the appeal on May 9, 2014. He also appealed to the General Counsel on June 16, 2014. The appeal was accepted and deemed denied on August 15, 2014. Mr. Dupree filed Remedy 772172-F1 requesting medical attention on March 20, 2014. He appealed that remedy to the Regional Director on April 4, 2014, and resubmitted the appeal on April 25, 2014. He appealed to the General Counsel on June 3, 2014.

By failing to complete the exhaustion process *before this action was filed*, Mr. Dupree failed to exhaust his administrative remedies. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (A prisoner "may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.").

The defendants have met their burden of proving that Mr. Dupree had available administrative remedies that he did not fully exhaust before filing his lawsuit. Given his failure to respond to the motion for summary judgment, Mr. Dupree has not identified a genuine issue of material fact supported by admissible evidence which counters the facts offered by the defendants. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Dupree's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the reasons explained above, the defendants' motion for summary judgment [dkt. 30] is **granted.** Judgment consistent with this Entry and with the Entries of May 7, 2014, and May 11, 2015, shall now issue.

The telephonic status conference set for September 14, 2015, is **vacated.**

**IT IS SO ORDERED.**

Date: _____05/13/2015_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

John Dupree
#28615-004
FCC Allenwood
Inmate Mail/Parcels
P. O. Box 3000
White Deer, PA 17887

Electronically registered counsel

Magistrate Judge William G. Hussmann, Jr.